## PROPERTY CONVEYED BY HUSBAND TO WIFE THROUGH TRUSTEE.

Circuit Court of Cuyahoga County.

J. C. LOWER, ADMINISTRATOR OF MALCOLM D. McBRIDE, DECEASED, v. NANCY GARDNER ET AL.

Decided, March 16, 1908.

*Descent and Distribution—Property Conveyed by Husband to Trustee and by Trustee to Wife Not Ancestral—Deed by Insane Person Voidable—Conveyance by Deceased Insane Person may be Ratified by Heir.*

1. Where a husband conveys real estate to a trustee to hold for the benefit of the wife of the grantor and the trustee upon the same date and for a nominal consideration conveys the property to the wife without describing himself as trustee, the property so conveyed to the wife is acquired by her by purchase and not by deed of gift.

2. A deed of conveyance made by a person of unsound mind is voidable only and not void.

3. When the husband who is the only heir of a deceased insane wife, places on record a deed of conveyance from her to him he thereby ratifies such conveyance.

—— *Lindsay*, for plaintiff in error.
*W. C. Ong*, contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

This is an appeal by the defendants of an action brought by the plaintiff as administrator of the estate of Malcolm D. McBride, deceased, for authority to sell lands of said decedent to pay debts owing by his estate.

The facts are as follows: On October 13, 1871, James Brown, the first husband of Emiline McBride, conveyed the land in question to one Charles M. Safford, trustee, upon the trust expressed in said deed that he hold said land for his (Brown's) wife. On the same day the grantee made a deed of the same land to his *cestui que trust,* not however, describing or signing himself as trustee in said deed.

Thereafter, James Brown died intestate and without blood relatives, and his widow, Emiline, married Malcolm McBride, to whom, on August 4, 1896, she made a deed of the same property. It is claimed that she was then insane. She died intestate, November 23, 1896, and the deed to her husband which meanwhile had been held in escrow by his attorney, was by him recorded five days later. Malcolm McBride died intestate in October, 1906.

The question arises between the next of kin of Emiline McBride and those of Malcolm McBride respectively, and turns largely upon the applicability of Section 4162, Revised Statutes of Ohio.

As we view the law, Emiline Brown acquired her title to the land by purchase and not by descent. The deeds from her husband to the trustee and from the trustee to her were both expressed to be given for a valuable, albeit nominal, consideration. The deed from the trustee to her, although it did not describe the trustee as such, and although it may have been given in breach of the strict terms of the trust, expressed in James Brown's deed to him, was nevertheless sufficient to give the legal title, as by purchase, to Emiline Brown. See 2 *Jones on Law of Real Property in Conveyancing,* 1058.

If her equitable estate in the same property was limited in duration to the term of her natural life by virtue of the provision creating the trust in the deed from her husband to the trustee, the equitable estate in remainder was in her husband as creator of the trust and upon his death such equitable estate passed to his widow and became merged with the legal title which she already had.

Having thus a legal title by purchase which authorized her to convey an estate in fee simple, she made a deed thereof to her second husband, Malcolm McBride, as already stated, under circumstances which her next of kin, parties defendant here, now offer to show, render such conveyance void, on account of the grantor's insanity and the grantee's undue influence.

We think this evidence must be excluded, because at the time such conveyance was made the said defendants, as grantor's next of kin, had no vested interest whatever in the property

and therefore no footing existed on which they could be heard to complain of or avoid any conveyance which the grantor might make. Nor can they now be heard in that behalf, unless the conveyance from Mrs. McBride to her husband were absolutely void. A deed of conveyance made by a person of unsound mind is, however, not absolutely void, but merely voidable. See *1 Jones on Law of Real Property in Conveyancing,* 63.

Malcolm McBride was not only the grantee but the only heir of his wife. By putting the deed in question on record after her death he affirmatively elected to take the property not by inheritance but by purchase. As the heir of his wife he was the only person having any right to challenge the validity of his wife's deed, and instead of challenging it, he affirmed it. See *1 Jones on Law of Real Property in Conveyancing,* 64.

It follows from the views thus expressed that neither Emiline Brown in relation to her first husband whom she survived, nor Malcolm McBride, in relation to the same woman his wife, whom he survived, can properly be described with regard to the acquisition of this property, in the language of Section 4162, Revised Statutes; as the relict of a deceased husband or wife dying intestate and without issue and possessed of any real estate or personal property which came to such intestate from any former deceased husband or wife, by deed or gift, devise or bequest, or under the provisions of Section 4159.

The supposed rights of the defendants who are next of kin of Emiline McBride, depending as they do upon the application of the facts of this case of said Section 4162, are without foundation, because the section does not apply.

The plaintiff may take a decree in accordance with this opinion.